IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RONDA SCOTT, | ) |
| Plaintiff, | ) |
| v. | ) |
| | )   CIVIL ACTION NO. |
| WALGREEN PHARMACY SERVICES | )   7:24-cv-00126-WLS |
| MDWEST LLC, et al., | ) |
| Defendant. | ) |

## PROTECTIVE ORDER

Upon motion by Defendant for entry of a protective order, and for good cause shown, IT IS HEREBY ORDERED:

1. **Scope.** All materials produced or adduced during discovery, including party responses to discovery requests, third-party responses to discovery subpoenas, deposition testimony and exhibits, and information derived directly from such sources (collectively "documents"), shall be subject to this Order concerning Confidential Information or Attorney Eyes Only Information as defined below. This Order is subject to the Federal Rules of Civil Procedure, applicable local rules, and the standing orders/rules of this Court.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by a producing party (party to this case or a third party) that falls within one or more of the following categories: (a) "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4); (b) protected health or medical information concerning any individual; or (c) personally

identifiable information (e.g., social security number, passport number, driver's license number, taxpayer identification number, financial account or credit card number). Notwithstanding the foregoing, "Confidential Information" shall not mean information produced or disclosed that is or becomes properly, without violating this Protective Order or violating any other obligations of confidentiality, a matter of public record or publicly available.

**3. Attorney Eyes Only Information.** As used in this Order, "Attorney Eyes Only Information" means information designated as "ATTORNEY EYES ONLY" by a producing party (party to this case or a third party) that the producing party reasonably and in good faith believes contains information that reveals trade secrets or other confidential and/or proprietary information that provides a competitive advantage and the disclosure of which would cause irreparable harm to the producing party. Notwithstanding the foregoing, "Attorney Eyes Only Information" shall not mean information produced or disclosed that is or becomes properly, without violating this Protective Order or violating any other obligations of confidentiality, a matter of public record or publicly available.

**4. Designation.** A party or third party may designate a document as Confidential Information or as Attorney Eyes Only Information, respectively, for protection under this Order by placing or affixing the word(s) "CONFIDENTIAL" or "ATTORNEY EYES ONLY" on each page of the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information or Attorney Eyes Only Information. The marking "CONFIDENTIAL" or "ATTORNEY EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" or "ATTORNEY EYES ONLY" to a document does not mean that the document has any status or

protection by statute, contract, or otherwise, except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "ATTORNEY EYES ONLY" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Attorney Eyes Only Information are not required to be marked.

**5. Protection of Confidential Information and Attorney Eyes Only Information.**

**(a) General Protections.** Information designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal.

**(b) Limited Third-Party Disclosure of Confidential Information and Attorney Eyes Only Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any information designated as "CONFIDENTIAL" to any third person or entity except as set forth in subparagraphs (1)-(9) and shall not disclose or permit the disclosure of any information designated as "ATTORNEY EYES ONLY" to any party, third person, or entity except as set forth in subparagraphs (1) and (3)-(9).

**(1) Counsel.** Outside and in-house counsel for the parties and employees of counsel who have responsibility for the action;

(2) **Parties.** Individual parties and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to conduct the litigation in which the information is disclosed;

(3) **Court.** The Court and its personnel and jurors, special masters, and other triers of fact;

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions, hearing, or trial;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically-stored documents;

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A;

(7) **Witnesses at Depositions.** During their depositions, witnesses in this action to whom deposing counsel determines in good faith disclosure is necessary. Witnesses shall not retain a copy of documents designated "CONFIDENTIAL" or "ATTORNEY EYES ONLY." Pages of transcribed deposition testimony or exhibits to depositions that are designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" pursuant to the process set out in this Order must be separately bound or designated as confidential information or attorney eyes information by the court reporter and may not be disclosed to anyone except as permitted under this Order;

  **(8) Author or Recipient.** The author or recipient of the document (not including any person who received the document in the course of litigation); and

  **(9) Others by Consent.** Other persons only by written consent of the producing party, or upon order of the Court, and on such conditions as may be agreed or ordered.

**(c) Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of information designated "CONFIDENTIAL" or "ATTORNEY EYES ONLY."

**6. Inadvertent Failure to Designate.** An inadvertent failure to designate a document as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" does not, standing alone, waive the right to so designate the document. If a party or third party designates a document as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party or third party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated "CONFIDENTIAL" or "ATTORNEY EYES ONLY," even where the failure to so designate was inadvertent and where the material is subsequently designated "CONFIDENTIAL" or "ATTORNEY EYES ONLY."

**7. Disclosure of Protected Information.** This Order shall be governed by and interpreted in accordance with Rule 502 of the Federal Rules of Evidence. Each party may review documents and communications for privileged information (or other information subject to a recognized immunity from discovery) prior to production. Subject to the provisions of this Order, if a party or subpoenaed nonparty (the "Disclosing Party") discloses information in connection with this action

that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work-product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture–in this or any other state or federal litigation or action, any arbitration, or any other proceeding–of any claim of privilege or work-product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter (i.e., irrespective of any such disclosure).

Documents or portions thereof withheld on privilege grounds will be identified in a privilege log. Where a party is asserting privilege on the same basis with respect to multiple documents, such descriptions may be provided by group or category. The obligation to provide a log of privileged or work product materials shall not apply to attorney-client communications or work product created on or after the date Plaintiff filed her Complaint or Charge of Discrimination with the Equal Employment Opportunity Commission. Documents that contain both privileged and non-privileged information will be produced with the privileged information redacted in such a way as to show the location of the redaction within the document and the reason therefore (e.g., "Attorney-Client Privilege" or "Work Product" or equivalent) and need not be included on the privilege log.

**8. Filing of Confidential or Attorney-Eyes Only Information.** Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court.

**9. No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the grounds that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**10. Challenges by a Party to Designation as "CONFIDENTIAL" or "ATTORNEY EYES ONLY."** The designation of any material or document as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of "CONFIDENTIAL" or "ATTORNEY EYES ONLY" must do so in good faith within thirty (30) calendar days after the receipt of any information so designated (unless otherwise agreed by the parties ) and must begin the process by conferring directly with counsel for the designating party or third party. In conferring, the challenging party must identify each document it is challenging and explain the basis for its belief that the "CONFIDENTIAL" or "ATTORNEY EYES ONLY" designation was not proper and must give the designating party or third party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party or third party must respond to the challenge within fourteen (14) calendar days by conferring directly with the challenging party and explaining the basis for its belief that the "CONFIDENTIAL" or "ATTORNEY EYES ONLY" designation was proper.

(b) **Judicial Intervention.** Absent agreement, and within seven (7) business days of the parties' meet and confer described in paragraph 10(a), the party challenging the designation

must file a motion to contest the confidentiality designation by identifying the material and setting forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party or third party. Until the Court rules on the challenge, all parties shall continue to treat the materials as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" under the terms of this Order.

**11. Action by the Court.** Applications to the Court for an order relating to materials or documents designated "CONFIDENTIAL" or "ATTORNEY EYES ONLY" shall be by motion. Nothing in this Order or any action or agreement of a party or third party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**12. Use of "CONFIDENTIAL" or "ATTORNEY EYES ONLY" Documents or Information.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing or other appropriate purpose in this action. A party that intends to present or that anticipates that another party may present Confidential Information or Attorney Eyes Only Information at a hearing or trial shall meet and confer about the filing of such information, and if an agreement cannot be reached, the designating party shall bring that issue to the Court's attention by motion or in a pretrial memorandum without disclosing the Confidential Information or Attorney Eyes Only Information. Until the Court has made a ruling or the issue has otherwise been resolved, the non-designating party shall not publicly file the Confidential Information or Attorney Eyes Only Information. The Court may thereafter make such orders as

are necessary to govern the use of such documents or information at trial, including by having the stamp "CONFIDENTIAL" or "ATTORNEY EYES ONLY" removed from all trial exhibits.

**13. Confidential Information or Attorney Eyes Only Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as "CONFIDENTIAL" or "ATTORNEY EYES ONLY", the receiving party must so notify in writing the designating party or third party immediately after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party or third party in this case an opportunity to try to protect its Confidential Information or Attorney Eyes Only Information in the court from which the subpoena or order issued. The designating party or third party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Attorney Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession,

custody, or control Confidential Information or Attorney Eyes Only Information by the other party to this case.

**14. Obligations at Conclusion of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligation to Return Documents.** Within ninety (90) calendar days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information or Attorney Eyes Only Information and documents marked "CONFIDENTIAL" or "ATTORNEY EYES ONLY" under this Order, including copies as defined in paragraph 4, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, and one complete set of all documents filed with the Court, including those filed under seal. Any retained Confidential Information or Attorney Eyes Only Information shall continue to be protected under this Order.

(d) **Deletion of Documents Filed under Seal.** Filings under seal shall be deleted from the electronic filing system only upon order of the Court.

**15. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**16. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Attorney Eyes Only Information by counsel or the parties is entitled to protection under the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**17. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.

DATED: September 8th, 2025

ENTERED:

_____
Honorable W. Louis Sands

## ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | |
|---|---|
| RONDA SCOTT, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. |
| | ) 7:24-cv-00126-WLS |
| WALGREEN PHARMACY SERVICES | ) |
| MDWEST LLC, et al., | ) |
| | ) |
| Defendant. | ) |

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated September 8, 2025, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court of the Middle District of Georgia, in matters relating to the Protective Order and understands the terms of the Protective Order obligate the undersigned to use materials designated as Confidential Information or Attorney Eyes Only Information in accordance with the Protective Order solely for the purposes of the above-captioned action, and to not disclose any such Confidential Information or Attorney Eyes Only Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Title: _____

Business Address: _____

Date: _____   Signature: _____