IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RONDA SCOTT,   )<br>      **Plaintiff,**   )<br>   )<br>v.   )<br>   )<br>WALGREEN PHARMACY SERVICES   )<br>MIDWEST LLC,   )<br>      **Defendant.**   ) | **CIVIL ACTION NO.**<br><br>**7:24-cv-00126-WLS** |

**DEFENDANT'S MOTION
FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927**

COMES NOW Defendant Walgreen Pharmacy Services Midwest LLC ("Walgreens" or "Defendant"), by and through undersigned counsel, and respectfully moves this Court to impose sanctions, pursuant to 28 U.S.C. § 1927, against Plaintiff's counsel for unreasonably and vexatiously multiplying these proceedings by failing to voluntarily dismiss claims that were clearly not supported by law or fact, thereby necessitating Defendant's filing of its Partial Motion to Dismiss. In support thereof, Defendant shows the Court as follows:

## I.    RELEVANT PROCEDURAL HISTORY

Plaintiff, proceeding pro se, filed her original Complaint on November 26, 2024, alleging retaliation and hostile work environment claims based on age, race, and sex discrimination in violation of Title VII; violations of Georgia Statute Chapter 26 and Georgia Rules and Regulations Chapter 480; and retaliation in violation of the False Claims Act. [Doc. 1]. On April 28, 2025, this time proceeding with counsel, Plaintiff filed her First Amended Complaint for Damages, asserting the following claims: (1) Count I, race and sex discrimination under Title VII; (2) Count II, age discrimination under the Age Discrimination in Employment Act ("ADEA"); (3) Count III, retaliation under Title VII; (4) Count IV, retaliation under the False Claims Act; (5) Count V,

1

retaliation under the Georgia Whistleblower Protection Act ("GWPA"); and (6) Count VI, wrongful termination in violation of public policy and/or Georgia common law. [Doc. 16]. Plaintiff also joined fictitious defendants, identified as "John Does 1–10." *Id.*

On May 2, 2025, Defendant's counsel emailed Plaintiff's counsel to request the voluntary withdrawal of Counts V and IV and the withdrawal of the John Doe defendants. Defendant's counsel cited to relevant legal authority demonstrating that (1) the GWPA does not apply to private-sector employers only government employers; (2) Georgia does not recognize a cause of action for wrongful termination filed by at-will employees, absent a specific policy exception; and (3) a fictitious party pleading is not permitted in federal court, unless plaintiff describes the defendants with enough specifics to determine their identities. The email further advised that Defendant intended to file a motion to dismiss and seek attorneys' fees if the unsupported claims and fictitious defendants were not withdrawn and requested a response by the close of business on May 5, 2025.[1]

Plaintiff's counsel elected not to respond to Defendant's counsel's email. On May 6, 2025, Defendant's counsel left a follow-up voicemail regarding the withdrawal request. After receiving no communication from Plaintiff's counsel for an additional week, Defendant filed its Partial Motion to Dismiss on May 12, 2025, seeking dismissal of Counts V and VI and John Does 1-10. [Doc. 18]. On June 2, 2025, Plaintiff filed a one sentence response stating that, after "careful[] review" of Defendant's motion and supporting authority, she did not oppose dismissal of the John Doe defendants and Counts V and VI. [Doc. 23]. On June 5, 2025, the Court granted Defendant's Partial Motion to Dismiss and dismissed the identified claims and defendants with prejudice. [Doc. 24].

---

[1] *See* Exhibit 1, Defendant's counsel's email to Plaintiff's counsel.

## II.     ARGUMENT AND ANALYSIS

### A. Standard for Sanctions under 28 U.S.C. § 1927

The statutory language of 28 U.S.C. § 1927 discourages the type of conduct Plaintiff's counsel demonstrated. The statute provides that "[a]ny attorney … admitted to conduct cases in any court of the United States … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The purpose of § 1927 is to "deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs bear them." *Dzwonkowski v. Dzwonkowski*, No. CIV.A. 05-0544-KD-C, 2008 WL 2163916, at *20–21 (S.D. Ala. May 16, 2008), *aff'd in part, dismissed in part*, 298 F. App'x 885 (11th Cir. 2008). "The Eleventh Circuit observed that a district court's authority to issue sanctions for attorney misconduct under Section 1927 is either broader than or equally as broad as the district court's authority to issue a sanctions order under its inherent powers." *Weissman v. Cheokas*, No. 1:17-CV-220 (WLS), 2023 WL 11964406, at *11 (M.D. Ga. July 25, 2023)(internal quotations omitted).

To impose sanctions under § 1927, the Court must find that: "(1) the attorney engaged in unreasonable and vexatious conduct; (2) such conduct multiplied the proceedings; and (3) the amount of the award does not exceed the costs, expenses, and attorneys' fees reasonably incurred due to such conduct." *Goode v. Wild Wing Cafe*, 588 F. App'x 870, 875 (11th Cir. 2014). The terms "unreasonable" and "vexatious" are judged against an objective standard, which considers what a reasonable attorney would do under the circumstances. *Weissman*, 2023 WL 11964406, at *11. To satisfy the multiplication-of-proceedings element, the attorney's conduct must lead to proceedings that would not have occurred otherwise. *Id.* The Eleventh Circuit has consistently held

that "an attorney multiplies the proceedings unreasonably and vexatiously within the meaning of the statute only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.,* 500 F.3d 1230, 1239 (11th Cir. 2007). Such bad faith may be found from conduct alone, regardless of subjective intent, when "an attorney knowingly or recklessly pursues a frivolous claim." *Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir.2003). "Therefore, bad faith does not require a finding of malicious intent or bad purpose." *Weissman*, 2023 WL 11964406, at *11 citing *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d. 1291, 1332 (S.D. Fla 2007).

### B. Discussion

This standard was applied in *Reid v. Insuramerica Corporation,* where the plaintiff's counsel similarly brought claims that were unsupported by fact or law. *Reid v. Insuramerica Corp.*, No. 1:06-CV-1039-RWS/AJB, 2007 WL 9702337, at *1 (N.D. Ga. July 5, 2007), *report and recommendation adopted sub nom. Reid v. Insuramerica Ins. Corp.*, No. 1:06-CV-1039-RWS, 2007 WL 9702224 (N.D. Ga. Aug. 22, 2007). After the defendants moved to dismiss and later sought sanctions under § 1927, the court found that plaintiff's counsel had failed to conduct a reasonable factual or legal inquiry and knowingly or recklessly continued to assert a sexual harassment claim without a valid basis. *Id.* at *5-6. Specifically, the court reasoned that had counsel reasonably interviewed their client and "researched the applicable law, they would have discovered that [p]laintiff's sexual harassment allegations had no legal foundation." *Id.* at *5. Because counsel failed to do so, the court held that this conduct was "unreasonable and vexatious" and "tantamount to bad faith." *Id.* at *6. The court also held that plaintiff's counsel's conduct multiplied the proceedings when he "filed a second motion to amend to recast the frivolous sexual harassment claim into an equally frivolous retaliation claim." *Id.* at *9.

***1. Plaintiff's counsel engaged in unreasonable and vexatious conduct.***

The same is true here. Plaintiff's counsel asserted claims that have no legal basis: Count V, retaliation in violation of the GWPA and Count VI, wrongful termination in violation of public policy. And he sought to join John Does 1-10 without any specificity whatsoever to permit Defendant to discern their identity. As Defendant advised in its May 2, 2025 email—citing applicable authority—the GWPA does not apply to private-sector employers or employees; Georgia law does not recognize a standalone claim for wrongful termination by an at-will employee, absent a specific statutory exception; and a fictitious party pleading is not permitted in federal court without some specificity. And yet, despite being provided with case law to demonstrate the invalidity of the claims and misjoinder of the John Does, Plaintiff's counsel did not acknowledge reviewing the cited legal authority until after Defendant filed its motion to dismiss.

Even assuming Plaintiff's counsel was unaware of this well-settled law before filing, which would have been revealed from basic legal research, he was given the opportunity to withdraw these legally baseless claims prior to motion practice. Defendant explicitly requested a response by May 5, 2025, and advised that it would seek dismissal and attorneys' fees if no action was taken. Plaintiff's counsel failed to respond to the email or follow-up voicemail left on May 6, 2025. Consequently, Defendant filed its Partial Motion to Dismiss, thereby expending unnecessary time and resources to present arguments that were previously communicated to Plaintiff's counsel.

Notably, when ultimately faced with the Partial Motion to Dismiss, Plaintiff's counsel did not oppose it. He stated that Plaintiff had "carefully reviewed" the motion and the applicable law and did not contest the dismissal of the John Doe defendants, Counts V or VI. Counsel's acknowledgement confirms that he had no good-faith basis for maintaining those claims. Had he

acted upon the detailed notice and ample opportunity to address the legal deficiencies, Defendant would not have incurred the time and expense of briefing the same issues before the Court in its motion to dismiss.

### 2. *Plaintiff's counsel's conduct multiplied the proceedings.*

Likewise, had Plaintiff's counsel conducted a reasonable inquiry or responded to Defendant's timely notice, these proceedings would not have been multiplied. The refusal to withdraw the claims and joinder of defendants, despite clear legal authority, and the failure to respond to Defendant's communications, demonstrates conduct tantamount to bad faith. As the Court explained in *Weissman*, "[a] party demonstrates bad faith by delaying or disrupting the litigation, or hampering enforcement of a court order." 2023 WL 11964406, at *11 (quoting *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)). Here, Plaintiff's counsel unnecessarily delayed and disrupted litigation by continuing to pursue legally baseless claims and failing to communicate or cooperate to narrow the scope of the case, which forced Defendant to file a motion to dismiss that Plaintiff ultimately did not oppose. These actions unreasonably and vexatiously multiplied the proceedings and warrant sanctions under 28 U.S.C. § 1927.

### III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court enter an Order imposing sanctions under 28 U.S.C. § 1927 against Plaintiff's counsel, awarding Defendant its attorneys' fees and costs incurred in preparing and filing the Motion to Dismiss and this Motion for Sanctions, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of October, 2025.

>   */s/ Michael D. Kirkwood*
>   Michael D. Kirkwood
>   Georgia Bar No. 526316
>   Samantha Bartley

                                        Georgia Bar No. 278804
                                        The Employment Law Solution, LLC
                                        800 Mt. Vernon Hwy, NE Suite 410
                                        Atlanta, GA 30328
                                        mkirkwood@theemploymentlawsolution.com
                                        sbartley@theemploymentlawsolution.com
                                        Telephone: (678) 424-1380

                                        *Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| RONDA SCOTT, | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 7:24-cv-00126-WLS |
| WALGREEN PHARMACY SERVICES MDWEST LLC, | ) | |
| | ) | |
|     Defendant. | | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 3rd, 2025, I served **DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927** by electronically filing it with the Court's ECF system, which will automatically send email notification of such filing to the following attorney of record:

James Hugh Potts II
Georgia Bar No. 585677
Attorney for Plaintiff
james@jhpii.com

*/s/ Michael D. Kirkwood*
Michael D. Kirkwood
Georgia Bar No. 526316

8