**EXHIBIT 1**

| | |
|---|---|
| From: | Michael Kirkwood |
| Sent: | 5/2/2025 4:38:39 PM |
| To: | James Hugh Potts II |
| Cc: | Jamala McFadden; Bethany H. Griffin |
| Subject: | RE: Ronda Scott v. Walgreens |
| Categories: | Smokeball |

James:

I failed to include an additional request in my email below; excuse my oversight.

**Joinder of John Does 1-10**

We also request that Plaintiff amend her complaint to remove John Does 1-10 because "fictitious party pleading is not permitted in federal court, unless a plaintiff describes the defendants with enough specificity to determine their identities[,]" *Schwartz v. Gwinnett County, Ga.,* 924 F. Supp. 2d 1362, 1366 n.2 (N.D. Ga. February 15, 2013) (citing *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)). Paragraph 23 of Plaintiff's complaint fails to identify J. Does 1-10 with any specificity whatsoever. As such, we respectfully request that their joinder be withdrawn.

Michael D. Kirkwood (he/him)
Senior Counsel



800 Mt. Vernon Highway, NE | Suite 410 | Atlanta, GA 30328
Direct: 678.218.6738 | Fax: 404.891.6840
mkirkwood@theemploymentlawsolution.com
https://link.edgepilot.com/s/96cfe368/Jj2QTEpt_Ue9XAMQzZcsRQ?u=http://www.theemploymentlawsolution.com/?

CONFIDENTIALITY NOTICE:  This message is being sent by or on behalf of a lawyer. The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

**From:** Michael Kirkwood
**Sent:** Friday, May 2, 2025 2:14 PM
**To:** James Hugh Potts II <james@jhpii.com>
**Cc:** Jamala McFadden <jmcfadden@theemploymentlawsolution.com>; Bethany H. Griffin <bgriffin@theemploymentlawsolution.com>
**Subject:** RE: Ronda Scott v. Walgreens

Hello James,

I'm one of the attorneys representing Walgreens in the above-captioned matter.

I reviewed Plaintiff's First Amended Complaint for Damages and am writing to request that the complaint be amended again and counts V and VI be withdrawn because they are invalid for the reasons outlined below.  If you could advise us of Plaintiff's willingness to withdraw both counts by **COB, Monday, May 5, 2025**, it would allow us to plan accordingly with respect to preparing Defendant's answer to Plaintiff's amended complaint, which is due on May 12.

### Count V – Georgia Whistleblower Protection Act ("GWPA")

To establish a prima facie case for retaliation under O.C.G.A. § 45-1-4(d)(2), "the employee must present evidence that (1) the employer falls under the statute's definition of '*public* employer'; (2) the employee disclosed 'a violation of or noncompliance with a law, rule, or regulation to either a supervisor or government agency'; (3) the employee was then discharged, suspended, demoted, or suffered some other adverse employment decision by the public employer; and (4) there is some causal connection between (2) and (3)" (emphasis added). *Hogan v. Hosp. Auth. of Valdosta & Lowndes Cnty.*, No. 7:15-CV-138 (HL), 2016 WL 3248374, at *5 (M.D. Ga. June 13, 2016).  Indeed, the GWPA provides that a *public* employer may not retaliate against a *public* employee for disclosing "a violation of or noncompliance with a law, rule, or regulation to either a supervisor or a government agency," or "for objecting to, or refusing to participate in, any activity, policy, or practice of the *public* employer that the employee has reasonable cause to believe is in violation of or noncompliance with a law, rule, or regulation." O.C.G.A. § 45-1-4(d)(2) and (3); *Tuohy v. City of Atlanta*, 331 Ga. App. 846, 848 (2015) (emphasis added). Defendant, Walgreens Pharmacy Services Midwest, LLC is not a public employer and, therefore, Ms. Scott was not a public employee.  As such, she cannot make a valid GWPA claim.

### Count VI – Wrongful Termination in Violation of Public Policy (Common Law – State of Georgia)

Likewise, Ms. Scott cannot make out a valid claim for wrongful termination because under Georgia law when employment is "terminable at the will of either party," there is no cause of action against the employer for alleged wrongful termination."  *Charles v. Scarberry*, No. CIV.A. 1:07-CV-1494J, 2008 WL 313954, at *3 (N.D. Ga. Jan. 31, 2008), aff'd, 340 F. App'x 597 (11th Cir. 2009). For a Plaintiff to avail themselves of the exception to the doctrine of at-will employment they must identify the statutory exception establishing the race, gender, age, or retaliation tort for which they can recover.  *Billups v. US&S Inc.*, No. 1:22-CV-842-TCB-CMS, 2023 WL 9320257, at *5 (N.D. Ga. Jan. 18, 2023), report and recommendation adopted, No. 1:22-CV-842-TCB, 2023 WL 9320256 (N.D. Ga. Feb. 7, 2023). Ms. Scott does not and cannot establish such an exception because no such policy exceptions exist under Georgia law. Therefore, because she alleges that she suffered adverse employment due to illegal reasons (e.g., sex discrimination, etc.) her

appropriate course of action is under the federal statutes she references in her complaint.  *Tiner v. Georgia Dep't of Juv., Just.*, No. 1:02CV117-1(WLS), 2005 WL 1522618, at *1 (M.D. Ga. May 23, 2005). But she cannot make out a valid wrongful termination claim.

If Plaintiff does not agree to amend her complaint and withdraw Counts V and VI Defendant will be forced to move to dismiss them. And we will seek attorney's fees for having to do so.  I look forward to hearing from you by COB, Monday, May 5.  Thank you in advance for your consideration.

Respectfully,

Michael D. Kirkwood (he/him)
Senior Counsel



800 Mt. Vernon Highway, NE | Suite 410 | Atlanta, GA 30328
Direct: 678.218.6738 | Fax: 404.891.6840
mkirkwood@theemploymentlawsolution.com
https://link.edgepilot.com/s/96cfe368/Jj2QTEpt_Ue9XAMQzZcsRQ?u=http://www.theemploymentlawsolution.com/?

CONFIDENTIALITY NOTICE:  This message is being sent by or on behalf of a lawyer. The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

---

**From:** James Hugh Potts II <james@jhpii.com>
**Sent:** Thursday, February 20, 2025 1:53 PM
**To:** Halima Horton White <hwhite@theemploymentlawsolution.com>
**Cc:** Elizabeth Crocker <elizabeth@jhpii.com>; Adalynn Phillips <adalynn@jhpii.com>; Chad Richardson <Chad@jhpii.com>; Jamala McFadden <jmcfadden@theemploymentlawsolution.com>; Michael Kirkwood <mkirkwood@theemploymentlawsolution.com>; Bethany H. Griffin <bgriffin@theemploymentlawsolution.com>
**Subject:** Re: Ronda Scott v. Walgreens

No.