**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

RONDA SCOTT,                                           :
                                                       :
      **Plaintiff,**                                  :
                                                       :
**v.**                                                 :          **CASE NO:**
                                                       :          **7:24-cv-126–WLS**
**WALGREEN PHARMACY SERVICES**                         :
**MIDWEST, LLC,**                                      :
                                                       :
      **Defendant.**                                 :
_____ :

## ORDER

Before the Court are the following Motions:

1.     Defendant Walgreen's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Doc. 38) ("Walgreen's Sanction Motion"), Scott's response (Doc. 39), and Walgreen's reply (Doc. 46) thereto;

2.     Plaintiff Scott's Opposition to the Walgreen's Sanction Motion and Cross-Motion for Sanctions and to Compel and for Fees and Expenses Pursuant to Fed. R. Civ. P. 37(a) (Doc. 39) ("Scott's First Motion to Compel") and Walgreen's response (Doc. 50) thereto;

3.     Scott's Second Motion to Compel Pursuant to Fed. R. Civ. P. 37(a) and for Fees and Expenses, as amended (Docs. 55, 63) ("Scott's Second Motion to Compel") and Walgreen's response (Doc. 57) thereto; and

4.     Scott's Motion to Amend Discovery/Scheduling Order (Doc. 58) ("Motion to Extend") and Walgreen's response (Doc. 62) thereto.

On April 14, 2026, the Court held a hearing on the above Motions. At the conclusion of the hearing, the Court expressed its hope that the Parties would cooperate professionally with each other and amicably resolve the issues. The Parties were given a period of fourteen days[1] within which to do so. Unfortunately, the Parties were unable to amicably and fully resolve these matters and instead filed a total of four status reports (Docs. 66, 68–70) apprising

---

[1] The Parties were initially allowed seven days within which to resolve these issues, but an extension of seven days, or until April 28, 2026, was allowed. (*See* Doc. 67).

1

the Court of their respective positions. For the reasons set forth below, the Court **DENIES** Walgreen's Sanction Motion (Doc. 38), Scott's First Motion to Compel (Doc. 39), and Scott's Second Motion to Compel, as amended (Docs. 55, 63). Further, the Motion to Extend (Doc. 58) is **GRANTED IN PART and DENIED IN PART**.

## I.   WALGREEN'S SANCTION MOTION

Walgreen seeks sanctions under 28 U.S.C. § 1927 against Scott for failing to dismiss Counts V and VI and the John Doe Defendants from the Amended Complaint when requested to do so by Walgreen prior to Walgreen's deadline to file an answer or otherwise respond to the Amended Complaint. The relevant timeline for the Walgreen's Sanction Motion is as follows:

| April 28, 2025 | Amended Complaint (Doc. 16) filed. |
|---|---|
| May 12, 2025 | Answer (Doc. 17) and Motion to Dismiss John Doe Defendants and Counts V and VI of Amended Complaint (Doc. 18) filed.[2] |
| May 28, 2025 | Discovery/Scheduling Order (Doc. 22) entered re: May 27, 2025 initial discovery conference. |
| June 2, 2025 | Scott's response (Doc. 23) of no opposition to motion to dismiss filed. |
| June 5, 2025 | Order (Doc. 24) entered granting motion to dismiss. |
| October 3, 2025 | Walgreen's Sanctions Motion (Doc. 38) filed. |

Prior to Walgreen filing the motion to dismiss, the following events occurred: On Friday, May 2, 2025, at 2:14 p.m., Walgreen's counsel requested, via email to Scott's counsel, that Counts V and VI of the Amended Complaint be withdrawn and that the John Doe defendants be dropped. (*See* Doc. 38-1 at 2). The email request included supporting legal authority, advised Scott's counsel that Walgreen intended to file a motion to dismiss if the unsupported claims were not withdrawn and the fictitious defendants were not dropped, and demanded a response by close of business on Monday, May 5, 2025—less than two full business days. Walgreen further advised that it intended to seek attorney fees if it was required to file the motion to dismiss. Walgreen's response to the Amended Complaint was due May 12, 2025.

---

[2] The docket entry incorrectly refers to Counts V and I.

Scott's counsel did not respond to the email, and on May 6, 2025, Walgreen's counsel left a follow-up voicemail regarding the demand. On May 12, 2025, Walgreen filed the partial motion to dismiss (Doc. 18). On June 2, 2025, Scott filed a one sentence response to such motion stating that Scott's counsel had carefully reviewed Walgreen's "motion and citations to authority and other applicable law, and, after such review, does not oppose [Walgreen's] motion to dismiss the John Doe defendants and Counts V and VI of her First Amended Complaint." (Doc. 23).

Section § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

> The purpose of Section 1927 is to deter abusive practices and dilatory tactics by attorneys and to ensure that those who create unnecessary costs bear them. The Eleventh Circuit observed that a district court's authority to issue sanctions for attorney misconduct under Section 1927 is either broader than or equally as broad as the district court's authority to issue a sanctions order under its inherent powers. To impose sanctions under Section 1927, . . . three requirements must be met:
>
> > (1) an attorney must engage in unreasonable and vexatious conduct;
> >
> > (2) such "unreasonable and vexatious conduct" must multiply the proceedings; and
> >
> > (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct.
>
> The term "unreasonably" necessarily connotes that the district court must compare the attorney's conduct against the conduct of a "reasonable" attorney and make a judgment about whether the conduct was acceptable according to some objective standard. The term "vexatiously" similarly requires an evaluation of the attorney's objective conduct. Additionally, to satisfy the multiplication-of-proceedings element, the attorney must have engaged in conduct that leads to proceedings that would not have been conducted otherwise. *In essence, when imposing sanctions under Section 1927, bad faith is an indispensable element.*
>
> A party demonstrates bad faith by delaying or disrupting the litigation, or hampering enforcement of a court order. In assessing bad faith, a court looks at the attorney's objective conduct. The Eleventh Circuit has stated that objectively reckless conduct is enough to warrant sanctions even if the attorney

> does not act knowingly and malevolently. Therefore, bad faith does not require a finding of malicious intent or bad purpose. The Eleventh Circuit reviews a district court's decision on motions for sanctions for abuse of discretion.

*Weissman v. Cheokas*, No. 1:17-CV-220, 2023 WL 11964406, at *11 (M.D. Ga. July 25, 2023) (citation modified).

Scott contends that expecting her counsel to jump to respond to the demand to dismiss the claims and drop the John Doe defendants in the timeframe of approximately eleven business hours was unreasonable. The Court agrees. Scott further argues that she did not unreasonably and vexatiously multiply the proceedings in this case because Walgreen's motion was nothing more than a reiteration of the email to Scott's counsel. Therefore, according to Scott, no additional work was required other than perhaps a couple of hours to change the email into the form of a motion to partially dismiss the complaint.

In its reply, Walgreen indicates that the filing of Counts V and VI in the first place was unreasonable and vexatiously multiplied proceedings because a simple inquiry into the law and facts would have revealed that the claims were not viable. Count V asserted a retaliation claim under the Georgia Whistleblower Protection Act ("GWPA") and a simple search would have revealed that the GWPA does not apply to private-sector employers, but only to government employers. Similarly, Walgreen contends, Count VI claimed wrongful termination in violation of public policy and/or Georgia common law, but Georgia does not recognize a cause of action for wrongful termination filed by an at-will employee, absent a specific policy exception. Finally, Walgreen argues that fictious party pleading is not allowed in federal court unless the plaintiff describes the defendant with enough specifics so their identity can be determined, which the Amended Complaint failed to do.

Further, Walgreen contends that it notified Scott's counsel within four days after the Amended Complaint was filed of the deficiencies in such complaint. Even if Scott could not reply by the requested/demanded deadline, she could have done so any time prior to May 12, 2025, the deadline for Walgreen to file its answer or response to the amended complaint. However, that is not the deadline by which Walgreen demanded Scott's response.

Neither Party attempted to reach out to the other after the partial motion to dismiss was filed. Nor did either Party request or suggest to the other that the answer or response deadline be extended so as to provide Scott with sufficient time to respond to Walgreen's

4

email. Insofar as costs and expenses, Walgreen acknowledges that the legal issues were not difficult—which the Court notes cuts both ways by minimizing the time necessary for Walgreen to prepare its partial motion to dismiss as well as raising the question of whether the claims should have been filed. Regardless, the Court is confident that the Parties have expended more time and expense on Walgreen's Sanction Motion and responding to such motion than was spent on the partial motion to dismiss.

Given the extremely limited amount of time Walgreen allowed for a response and the lack of effective communication on the part of both Parties, the Court cannot find that Scott engaged in unreasonable and vexatious conduct in failing to immediately respond to Walgreen's demand that she dismiss Counts V and VI and drop the John Does Defendants. The motion was unopposed and granted without any additional expenditures as to the subjects of the motion to dismiss.

Accordingly, Defendant's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Doc. 38) is **DENIED**.

## II.   SCOTT'S MOTIONS TO COMPEL

Neither of Scott's Motions to Compel complies with the Court's 21/21/21 Rule which the Court discussed at length during the initial discovery conference held May 27, 2025, and which is set out in the Court's Discovery/Scheduling Order (Doc. 22) entered May 28, 2025, as follows:

> Unless extended by the Court upon a showing of good cause by either party upon timely written motion, all motions made under Rule 37 *must* be filed within twenty-one (21) days of the date on which the response(s) was due, or twenty-one (21) days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one (21) days after the close of discovery, *whichever first occurs*.

(Doc. 22 ¶ 6 (emphasis added)). Under the 21/21/21 Rule, as authorized by Federal Rule of Civil Procedure 16,[3] the relevant timeline for Scott's Motions to Compel was as follows:

---

[3] The purpose of the Rule 16 discovery conference is, among others, for the Court to establish "early and continuing control so that the case will not be protracted because of lack of management" and to "discourag[e] wasteful pretrial activities." Fed. R. Civ. P. 16(a)((2), (3). "The scheduling order must limit the time to . . . file motions[,]" and "may . . . include other appropriate matters." Fed. R. Civ. P. 16(b)(3)(A), (B)(vii). Further, "[a]t any pretrial conference, the court may consider and take appropriate action . . . [to] control[ ] and schedul[e]

| June 9, 2025 | Scott served written discovery in the form of interrogatories and requests for production on Walgreen. |
|---|---|
| July 9, 2025 | Walgreen's responses/objections to discovery were due, per Rule 33(b)(2) and Rule 34(b)(2)(A), but were not served. |
| July 30, 2025 | Deadline for Scott's motion to compel—21 days after discovery was due but not served. |
| August 21, 2025 | Walgreen served Scott's counsel with its responses and objections to Scott's June 9, 2025 discovery requests. |
| September 11, 2025 | Deadline for Scott's second opportunity to file a motion to compel with respect to Walgreen's responses/objections on the basis that such responses were unresponsive. |
| October 15, 2025 | Scott's First Motion to Compel was filed with respect to discovery propounded June 9, 2025. This Motion includes her response to Walgreen's Sanctions Motion, Scotts cross-motion for sanctions, and motion to compel. |
| March 3, 2026 | Scott's Second Motion to Compel was filed with respect to requests for production propounded June 9, 2025. |

During the initial discovery conference, the Court discussed the 21/21/21 Rule in depth and that, in two respects, the Parties had not accurately stated the Rule in their proposed discovery order.[4] First, the Parties had missed the first deadline of the Rule which required a motion to compel be filed within 21 days after the date on which the responses were due but not received. Second, the Parties' proposed order provided that at the latest, a motion to compel had to be filed "no later than 21 days following the close of discovery, that being December 7, 2025." (Proposed Order ¶ 6.a). The Court cautioned the Parties that it was the earliest of the deadlines stated in the 21/21/21 Rule that applied and they should be careful not to let the applicable deadline expire without filing a motion or requesting an extension in order to preserve their rights, and that the Rule may have punitive results if not carefully followed.

At the April 14, 2026 hearing, hoping to incentivize the Parties to amicably resolve these issues in light of the conduct by each, the Court reiterated the 21/21/21 Rule, noted that it suspected the Rule had not been complied with, and provided the Parties with a copy of the

---

discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37." Fed. R. Civ. P. 16(c)(2)(F).

[4] The parties' proposed order provided that "[m]otions to compel discovery or protective orders due no later than 21 days after receipt of the allegedly inadequate response or production, and no later than 21 days following the close of discovery, that being December 7, 2025." (Proposed Order ¶ 6.a).

6

transcript of that portion of the initial discovery conference. The Discovery/Scheduling Order also includes and stated the requirements. In continuing to make demands that Walgreen withdraw its objections to her discovery requests, Scott totally ignores that she failed to comply with the Court's 21/21/21 Rule. Walgreen's responses/objections to her written discovery were due July 9, 2025, but were not served on Scott until August 21, 2025. Scott's First Motion to Compel was not filed until October 15, 2025—98 days after Walgreen's responses were first due and 55 days after Walgreen provided its responses/objections to Scott's written discovery. By failing to comply with the 21/21/21 Rule, Scott waived her right to object to Walgreen's responses. *See* Discovery/Schedule Order (Doc. 22 ¶ 6 (stating that unless extended by the Court, Rule 37 motions *must* be filed by the earlier of the deadlines cited)).

The purpose of the 21/21/21 Rule, as permitted by Rule 16, is to prevent the very circumstances now before the Court—protracted, evolving, unresolved discovery disputes not timely presented to the Court for resolution by the party allegedly aggrieved. Compliance with the Discovery/Scheduling Order would have resulted in the matter being addressed and resolved well within the remaining available discovery period. Instead, the Parties ineffectively batted the issues between themselves. This is precisely what the Rule was intended to prevent.

Regrettably when given the opportunity to amicably resolve the discovery conflict, Scott continued to stand firm on her argument that Walgreen has no alternative but to provide all discovery as requested because Walgreen's responses were served late; and according to Scott, Walgreen did not have good cause for serving late responses. First, it is the Court that makes a determination of good cause, not a party. Second, and more significant, Scott's failure to comply with the Court's 21/21/21 Rule results in the waiver of her right to compel Walgreen to further respond to discovery to her satisfaction. Scott's counsel apparently failed to comprehend, or ignored, the Court's explanation of the 21/21/21 Rule at the initial scheduling conference and failed to review the Discovery/Scheduling Order when it was entered, but apparently followed the deadlines in the Parties' proposed discovery order as presented instead. He did so to the detriment of his access to further discovery responses. Counsel did so notwithstanding the written Discovery/Scheduling Order and the Court's extensive discussion and warning, including how to preserve a Party's right to bring a motion

7

after the expiration of the initial relevant 21-day period. Plaintiff has presented nothing supporting a finding that her failure was excusable and the Court finds none.

The Court notes that in Walgreen's portion of the Parties' Joint Status Report (Doc. 69), in which they each set out their positions and proposed resolution as to how the Court should resolve their dispute, Walgreen indicates it is amenable to providing, within one week, the personnel files of five coworkers (alleged comparators) identified in Plaintiff's Request to Produce No. 4, subject to the protective order. Walgreen also agrees to a two-month extension of the discovery deadline for the limited purpose of conducting the depositions of LaClecia Carroll, Nathan Guta, Dhara Thakkar, and Chelsey Johnson as identified in the Motion to Extend.

Based on the foregoing, Scott's First Motion to Compel (Doc. 39) and Scott's Second Motion to Compel Pursuant to Fed. R. Civ. P. 37(a) and for Fees and Expenses, as amended (Docs. 55, 63) are **DENIED** except to the extent agreed to by Walgreen as follows:

1.      On or before seven days from entry of this Order or no later than **Thursday, May 14, 2026**, Walgreen shall provide the personnel files of five coworkers (alleged comparators) identified in Plaintiff's Request to Produce No. 4, subject to the protective order; and

2.      Scott shall be permitted to conduct the depositions of LaClecia Carroll, Nathan Guta, Dhara Thakkar, and Chelsey Johnson within the limited extension of the discovery deadlines as ordered below.

The Court having found that Plaintiff did not comply with the 21/21/21 Rule, finds that the grant of costs and attorney fees as requested is not appropriate and the same are **DENIED**.

## III.   SCOTT'S MOTION TO EXTEND

The Motion to Extend was filed March 30, 2026. The Parties' current deadlines are:

Fact depositions – March 31, 2026
Discovery deadline – April 30, 2026
Dispositive motions and related *Daubert* motions – June 1, 2026
Responses to dispositive motions and related *Daubert* motions – June 22, 2026

Scott requests a sixty-day extension, and as noted above, Walgreen agrees to a two-month extension limited to permitting Scott to take certain depositions, but did not agree to a general reopening of the discovery deadlines.

With the partial agreement of Walgreen and upon the Court's review of the Record, the Court finds that Scott's Motion to Amend Discovery/Scheduling Order (Doc. 58) should be and hereby is **GRANTED in PART** as follows:

The discovery deadline is extended for sixty days or until **Tuesday, June 30, 2026**, for the limited purpose of conducting the depositions of LaClecia Carroll, Nathan Guta, Dhara Thakkar, and Chelsey Johnson, and the depositions of other properly noticed witnesses consistent with the Discovery/Scheduling Order, as amended, and which deadline had not expired at the time Scott's Motion to Extend was filed.

The dispositive motion and related *Daubert* motion deadline is extended to **Wednesday, July 30, 2026**.

The deadline for *Daubert* motions related to dispositive responses is extended to **Thursday, August 20, 2026**.

Counsel shall immediately confer in good faith to timely accomplish the aforesaid extended discovery.

Except as amended above, the remainder of the Discovery/Scheduling Order, as amended (Docs. 22, 49, 52), shall remain in effect.

**SO ORDERED**, this 7th day of May 2026.

<u>/s/W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

9