IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **RONDA SCOTT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CASE NO:** |
| **WALGREEN PHARMACY SERVICES MIDWEST, LLC,** | : | **7:24-cv-126–WLS** |
| | : | |
| **Defendant.** | : | |

## ORDER

Before the Court is Plaintiff Ronda Scott's Motion to Compel Production of Withheld Termination Materials or, Alternatively, for In Camera Review, as amended (Docs. 76, 77) ("Motion to Compel"). Defendant's Response (Doc. 78) was timely filed. Plaintiff did not file a reply to the Response and the time for doing so has lapsed. Thus, this matter is ripe for resolution.

## I. BACKGROUND

Plaintiff initiated this lawsuit, *pro se*, on November 26, 2024. Prior to that time, she filed an EEOC charge on February 25, 2024. Defendant terminated Plaintiff's employment almost a year later on February 7, 2025. On April 28, 2025, with the assistance of counsel, Plaintiff filed her First Amended Complaint for Damages (Doc. 16), which is the operative Complaint in this matter. After dismissal of certain claims,[1] Plaintiff has the following remaining claims against Defendant asserting that Defendant discriminated against her because of her race and sex (Count I), discriminated against her because of her age (Count II), retaliated against her for filing an EEOC charge (Count III), and retaliated against her for alleged False Claims Act activity (Count IV). (*See* Docs. 16 and 24).

[1] By Order (Doc. 24), Plaintiff's claims for Retaliation in Violation of the Georgia Whistleblower Protection Act (O.C.G.A. § 45-1-4) (Count V) and for Wrongful Termination in Violation of Public Policy (Common Law—State of Georgia) (Court VI) were dismissed with prejudice.

## II. MOTION TO COMPEL

During the discovery period, Defendant produced a privilege log identifying certain documents withheld as privileged, based on the involvement of in-house counsel and/or outside counsel engaged to defend Defendant against Plaintiff's claims. The date the privilege log was provided is not in the Record. Plaintiff now requests the Court order Defendant to produce certain documents itemized on the privilege log that were generated by Defendant's personnel, some by in-house counsel, during the period beginning January 15, 2025, through February 7, 2025. Specifically, Plaintiff seeks production of the following items on the privilege log:

| Log | Date | Description | Involving[2] | Basis for Privilege |
|---|---|---|---|---|
| 63 | 01/15/25 | Ronda Scott-new potential concerns for investigation | From: Biller<br>To: Jonkman<br>Cc: Miranda & Thakkar | Attorney-client communication and attorney work product; email with inside legal counsel and prepared in anticipation of litigation |
| 64 | 01/16/25 | Ronda Scott-new potential concerns for investigation | From: Biller<br>To: Thakkar, Jonkman & Miranda | Attorney-client communication and attorney work product; email with inside legal counsel and prepared in anticipation of litigation |
| 69 | 01/16/25 | Ronda Scott-new potential concerns for investigation | From: Thakkar<br>To: Biller & Miranda | Attorney-client communication and attorney work product; email with inside legal counsel and prepared in anticipation of litigation |
| 70 | 01/27/25 | Ronda Scott-new potential concerns for investigation | From: Thakkar<br>To: Guta & Jonkman | Attorney work product; email prepared at the direction of legal counsel during or in anticipation of litigation |
| 71 | 02/03/25 | Ronda Scott-status? | From: Thakkar<br>To: Biller & Jonkman | Attorney-client communication; email with inside legal counsel |
| 73 | 01/31/25 | Ronda Scott-status? | From: Thakkar<br>To: Biller, Jonkman & Miranda | Attorney-client communication and attorney work product; email with inside legal counsel and prepared in anticipation of litigation |
| 67 | 02/05/25 | Ronda Scott - next steps - edits | From: Biller<br>To: Thakkar | Attorney-client communication and attorney work product; email with inside legal counsel and prepared in anticipation of litigation |

[2] The names and positions of Defendant's employees identified in the privilege log are: (1) In-house counsel Becky Biller ("Biller"); (2) Employee Relations Manager Dhara Thakkar ("Thakkar"); (3) Compliance Investigations Manager Scott Jonkman ("Jonkman"); (4) Senior Director of Employee Relations Amanda Miranda ("Miranda"); and (5) Asset Protection Manager Nathan Guta ("Guta").

| Log | Date | Description | Involving[2] | Basis for Privilege |
|---|---|---|---|---|
| 74 | 02/05/25 | Ronda Scott - next steps - edits | From: Thakkar<br>To: Biller | Attorney-client communication and attorney work product; email with inside legal counsel and prepared in anticipation of litigation |
| 80 | 02/05/25 | Ronda Scott - next steps | From: Thakkar<br>To: Biller | Attorney-client communication and attorney work product; email with inside legal counsel and prepared in anticipation of litigation |
| 3 | 02/05/25 | Touch base-Ronda Scott ER Case | From: Thakkar<br>To: Bell | Attorney work product; email prepared at the direction of legal counsel during or in anticipation of litigation |
| 4 | 02/06/25 | Brief Follow Up-Ronda Scott | From: Thakkar<br>To: Bell | Attorney work product; email prepared at the direction of legal counsel during or in anticipation of litigation |
| 9 | 02/05/25 | Touch base-Ronda Scott ER Case | From: Bell<br>To: Thakkar | Attorney work product; email prepared at the direction of legal counsel during or in anticipation of litigation |
| 10 | 02/06/25 | Brief Follow Up - Ronda Scott | From: Bell<br>To: Thakkar | Attorney work product; email prepared at the direction of legal counsel during or in anticipation of litigation |
| 11 | 02/06/25 | Follow up on Ronda Scott communication | From: Bell<br>To: Thakkar | Attorney work product; email prepared at the direction of legal counsel during or in anticipation of litigation |
| 75 | 02/06/25 | Ronda Scott - Term Talking Points | From: Thakkar<br>To: Bell | Attorney work product; email prepared at the direction of legal counsel during or in anticipation of litigation |
| 51 | 02/06/25 | Ronda Scott - next steps | From: Jonkman<br>To: Biller<br>Cc: Thakkar | Attorney-client communication and attorney work product; email with inside legal counsel and prepared in anticipation of litigation |
| 77 | 02/07/25 | Ronda Scott - next steps | From: Thakkar<br>To: Biller & Jonkman | Attorney-client communication and attorney work product; email with inside legal counsel and prepared in anticipation of litigation |
| 81 | N/A | Case 445130-Legal | Author: Thakkar | Privileged investigation prepared in anticipation of litigation at the direction of counsel |

In support of her Motion, Plaintiff argues that the privilege log does not establish that the above documents contain legal advice, and some of the communications are between non-lawyer business employees. Plaintiff points out that the communications concern "internal investigation," "next steps," "status," and "Term Talking Points" related to Plaintiff's

termination. "The documents concern the investigation and employment decision occurring immediately before [Defendant] terminated [Plaintiff]." (Doc. 77 at 3). At the time Plaintiff's employment was terminated, Dhara Thakkar ("Thakkar") was Defendant's Employee Relations Manager. Thakkar was either the author or a recipient of each of the documents sought by Plaintiff. According to Thakkar's deposition testimony, Employee Relations handled complaints of discrimination and retaliation and advised management concerning discipline and termination of employees. (Thakkar Dep. 14:13–23, July 13, 2026, ECF No. 77-1 [hereinafter "Thakkar Dep. ___"]). Thakkar is not a lawyer, but she "confirmed that she participated in privileged communications concerning [Plaintiff's] case immediately before the termination." (Doc. 77 at 3 (citing Thakkar Dep. 171:25–172:2). Thakkar also confirmed that "Employee Relations worked with [Defendant's] legal department when litigation was anticipated[.]" (Thakkar Dep. 15:13–16). At the time of her deposition, Thakkar was no longer employed by Defendant and could not recall the contents of the items in the privilege log. Nor could she recall the identity of lawyers involved in items where one was not already identified or what considerations were involved in the decision to terminate Plaintiff.

Plaintiff contests Defendant's classification of the above listed documents as privileged as attorney-client communications or attorney work product. At a minimum, Plaintiff contends that the Court should inspect the documents in camera and determine whether they are privileged.

Defendant argues that it is not necessary for an attorney to be copied in each and every communication for documents to be attorney work product when they were prepared in anticipation of litigation at the direction of an attorney. All of the items sought by Plaintiff are labeled privileged as attorney-client communications or attorney work product prepared in anticipation of litigation at the direction of counsel. Plaintiff's first EEOC complaint was filed on February 25, 2024, and Plaintiff's lawsuit was filed on November 26, 2024. Defendant's legal department could reasonably anticipate additional litigation upon termination of Plaintiff's employment. Thakkar confirmed that she participated in privileged communications concerning Plaintiff's case immediately before the termination, and that the Employee Relations Department worked with Defendant's legal department when litigation was anticipated. The descriptions of the items Plaintiff seeks to have produced together with the

attorney-client communication and/or attorney work product in anticipation of litigation at the direction of counsel reflect that the basis provided for classifying the communications as privileged are reasonable. The Court finds Plaintiff's arguments for production of the documents, whether specifically discussed or not, unpersuasive. However, the Court finds that in camera review of the documents is warranted.

Accordingly, upon review of the Motion to Compel, Response and the Record in this matter, the Motion to Compel Production of Withheld Termination Materials or, Alternatively, for In Camera Review, as amended (Docs. 76, 77) is **GRANTED IN PART and DENIED IN PART**.

The Motion to Compel is **GRANTED** to the extent that **on or before Friday, October 16, 2026**, Defendant is hereby **ORDERED** to produce the above documents for in camera review. Such production shall include the documents as well as a certification by counsel as to each document stating the identities (names and titles) of all persons participating in the communication or document preparation; *i.e.*, the person directing the communication or document preparation, the source(s), all recipients, and any actual contemporaneously included notices, restrictions, or limitations imposed with respect thereto at the time of communication or preparation.

The Motion to Compel is **DENIED WITHOUT PREJUDICE** as to Plaintiff's request for production of the above documents, subject to the Court's in camera review.

**SO ORDERED**, this 8th day of October 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**